Belknap,  }
Feb. 4, 1902.  }

## CARTER *v.* COLBY.

The statute relating to the killing of disabled animals (Laws 1897, *c.* 22, *s.* 1), in so far as it authorizes a destruction of property without giving the owner thereof notice and an opportunity to be heard, is an unwarranted exercise of the police power and in violation of the constitution.

CASE, for killing the plaintiff's horse. Facts agreed, and case transferred from the May term, 1901, of the superior court by *Young,* J.

April 17, 1901, the plaintiff was arrested and his horse taken from him; and on the next day the horse was examined and killed under the provisions of section 1, chapter 22, Laws 1897, by the defendant, who was duly deputized for that purpose by the sheriff of this county. The plaintiff was not notified by the committee or by the defendant of the examination, and did not attend.

*Edwin H. Shannon,* for the plaintiff.

*Defendant, pro se.*

BLODGETT, C. J. The amended statute relating to cruelty to animals provides that " whenever an officer shall take any such animal into his possession, which appears by reason of age, injury, or other cause, to be disabled for use, said officer shall call upon three disinterested citizens, who, under oath, shall examine such animal, and if they shall find such animal to be disabled for use, said officer shall at once cause such animal to be killed." Laws 1897, *c.* 22, *s.* 1.

The defendant justifies under this statute, enacted by the legislature in the exercise of the police power of the state vested in them by the constitution; but, in our view, the justification cannot be sustained. On the contrary, we cannot but regard the statute, in its operation upon the present case, as an unauthorized exercise of the police power, and a palpable violation of the constitutional guaranty that no person shall be despoiled or deprived of his property without due process of law.

Whether the horse was liable to confiscation without compensation to the plaintiff, even after notice and an opportunity to be heard, it is not necessary now to determine. It is enough that he did not have either the notice or the opportunity; for in all judicial or *quasi*-judicial proceedings affecting the rights of the citizen it is a fundamental rule of universal application that he shall have

notice and an opportunity to be heard, before the rendition of any judgment, order, or decree against him. *Brown* v. *Sceggell*, 22 N. H. 548, 552; *East Kingston* v. *Towle*, 48 N. H. 58, 61; *Cahoon* v. *Coe*, 57 N. H. 556, 597.

Doubtless there are cases in which the legislature, in the legitimate use of the police power, may authorize the destruction of certain kinds of property without previous notice to the owner, and without granting him a hearing, as in the case of pulling down buildings to prevent the spreading of a conflagration (P. S., c. 115, s. 9) and other familiar examples; but this is so only from necessity, and affords no defence in cases like the present, where the statute itself requires judicial examination of the animal and a finding of its disability for use as conditions precedent to its lawful killing.

The defendants' justification failing, the action is maintainable.

*Case discharged.*

All concurred.